## DICKINSON v. STOKES.
### No. 6055.

Circuit Court of Appeals, Sixth Circuit.
Dec. 9, 1932.

J. H. Amberg, of Grand Rapids, Mich. (Butterfield, Keeney & Amberg and Harry Shulsky, all of Grand Rapids, Mich., on the brief), for appellant.

C. S. Lloyd, of Chicago, Ill. (Stuart E. Knappen, of Grand Rapids, Mich., and William Wilson, of Chicago, Ill., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

PER CURIAM.

The only question to be decided in this case is whether the agreement between appellant, as licensee, and appellee, as licensor, was legally terminated by the appellant's letter of rescission of February 27, 1928, in accordance with the provisions of a supplemental agreement between the parties of March 30, 1927. The clauses of the supplemental agreement upon which appellant relies to sustain his contention that the license was terminated are recited in the margin.[1]

Briefly, appellant's argument is that by the terms of paragraph 1 he had a right to terminate, that is to make up his mind and act, until March 1, 1928, and that the effective date of termination was thirty days after the giving of notice; that, if there is any doubt or ambiguity as to this, it is settled by the language of paragraph 5. Appellee contends that March 1, 1928, was the latest date upon which termination might be legally effective, provided written notice of termination was given on or before January 31, 1928.

It is elementary that contracts are to be construed according to the meaning of the terms employed, and that, if they are clear and unambiguous, there is no need for extrinsic aid to construction. We are not more successful than was the court below in discovering anything ambiguous or obscure in the language of paragraph 1. The right therein granted to the licensee was a right to terminate, or to put an end to the contract on or before March 1, 1928. No provision is made for termination at any date later than that. The dominant word in the paragraph is "terminate." What follows has to do merely with the method by which, and the time within which, prior to termination, notice thereof was to be given.

As to paragraph 5, it is to be noted that it neither confers nor reserves a right of cancellation. That is done by paragraph 1. The italicized words are merely introductory, and for purpose of reference and description. Even if inaccurate or ambiguous, the intention of the parties is fully disclosed by the provision of paragraph 1, which they purport to describe, and to which they refer. It is equally elementary that the meaning of an agreement must be ascertained from a consideration of the whole instrument, and that, if it can be so ascertained, there is also no need for external aid to construction. That being so, we consider the contract unambiguous in fixing the permissible effective date of termination as on or before March

[1] I. Said Stokes hereby agrees that the said Dickinson shall have the right to terminate said agreement on or before March 1, 1928, by giving thirty days prior written notice by registered mail to said Stokes at 3220 West 18th Street, Los Angeles, California, or any other address where it is known said Stokes may be reached; this to take the place of paragraph six (6) of said license agreement which paragraph six (6) it is mutually agreed shall be cancelled and abrogated.

V. It is further mutually agreed and understood that *if the option to cancel the license agreement is not exercised on or before March 1, 1928*, by said Dickinson, the license given shall be limited to the term of reissued patent No. 14,701; provided, however, that said Dickinson may, at any time on or before June 19, 1933, by giving notice to said Stokes, extend the time of said agreement to the expiration of any or all improvement patents granted to said Stokes on Vacuum Liquid Feeding Apparatus and Method therefor for carburetors which may be issued at that date, namely June 19, 1933. (Italics ours.)

1, 1928, and it becomes unnecessary to consider the rules of interpretation invoked by the appellant, or to decide whether the notice became effective when mailed.

It may be said in passing, though unnecessary to decision, that were we to consider extrinsic evidence, appellant's letter of April 24, 1926, clearly expressing an understanding that substantially identical language in a prior agreement required thirty days' notice prior to the critical date therein stated, might furnish us with a practical construction as a guide to decision.

The judgment below is affirmed.